# 08-15-00015-CR

ACCEPTED
08-15-00015-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
4/20/2015 12:36:08 PM
DENISE PACHECO
CLERK

**NO. 08-15-00015-CR**

**IN THE
COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS**

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS

4/20/2015 12:36:08 PM

DENISE PACHECO
Clerk

**TOMMY JAMES LEWIS,
Appellant,**

**v.**

**THE STATE OF TEXAS,
Appellee.**

**Appealed from the 109th Judicial District Court
of Andrews County, Texas
Honorable Martin B. Muncy, Judge Presiding**

**BRIEF OF THE APPELLANT**

**FIVECOAT & ROGERS, P.L.L.C.
Raymond K. Fivecoat
State Bar No. 24010024
214 W. Texas Ave., Ste. 811
Midland, Texas 79701
(432) 620-8774 (Telephone)
(432) 620-9945 (Facsimile)
ray@fivecoatlaw.com
Attorney for Appellant
TOMMY JAMES LEWIS**

**ORAL ARGUMENT NOT REQUESTED**

## IDENTIFY OF THE PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 38.1(a), Appellant TOMMY JAMES LEWIS, certifies that the following is a complete list of the names and addresses of the parties to the final judgment of the trial and their counsel:

**APPELLANT**
**TOMMY JAMES LEWIS**     **RAYMOND K. FIVECOAT**
6315 Ladera Dr.        Fivecoat & Rogers, P.L.L.C.
Houston, Texas 77083      214 W. Texas Ave., Ste. 811
             Midland, Texas 79701
               Appellate Counsel

             **LANE HAYGOOD**
             Attorney at Law
             522 N. Grant Ave.
             Odessa, Texas 79761
               Trial Counsel

**APPELLEE**
**STATE OF TEXAS**      **TIM MASON**
             Andrews County District Attorney
             121 NW Ave. A
             Andrews, Texas 79714
               Trial/Appellee Counsel

**TRIAL COURT JUDGE**    **JUDGE MARTIN B. MUNCY**
             109th Judicial District Court
             Andrews County Courthouse
             201 N. Main, Rm. 201
             Andrews, Texas 79714

# TABLE OF CONTENTS

LIST OF PARTIES AND THEIR COUNSEL..........................................................i

TABLE OF CONTENTS..................................................................................ii

INDEX OF AUTHORITIES.............................................................................iii

STATEMENT OF THE CASE........................................................................1-2

ISSUES PRESENTED ON APPEAL...................................................................3

STATEMENT OF FACTS...........................................................................4-10

SUMMARY OF THE ARGUMENT.................................................................11

ARGUMENT.........................................................................................12-14

**ISSUE ONE:** **THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT THE LESSER-INCLUDED OFFENSE INSTRUCTION OF CRIMINAL TRESPASS.**

**ISSUE TWO:** **THE EVIDENCE WAS BOTH LEGALLY AND FACTUALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT COMMITTED THE ACT OF BURGLARY OF A BUILDING – ENTRY WITH COMMISSION OF THEFT.**

CONCLUSION...........................................................................................15

PRAYER..................................................................................................15

CERTIFICATE OF SERVICE........................................................................16

CERTIFICATE OF COMPLIANCE.................................................................16

# INDEX OF AUTHORITIES

**Cases:**

*Brooks v. State,*
 323 S.W.3d 893 894-894, 899 (Tex. Crim. App. 2010)...............................13

*Day v. State*,
 532 S.W.2d 302, 306
 (Tex. Crim. App. 1975, overruled on other grounds by *Hall v. State*)............9

*Hall v. State*,
 225 S.W.3d 524,535-36 (Tex. Crim. App. 2007)……………….....................8

*Jackson v. Virginia*,
 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)..............13

*King v. State*,
 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)……………………..............13

*King v. State*,
 895 S.W.2d 701, 703 (Tex. Crim. App. 1995)……………………..............13

**Rules and Statutes:**

*Tex. Crim. Proc. Ann. Art. 37.09*..................................................................9

*Tex. Crim. Proc. Ann. Art. §2.05*................................................................15

*Tex. Pen. Code. §30.02*..........................................................................8, 14

*Tex. Pen. Code. §30.05*..............................................................................9

## NO. 08-15-00015-CR

## TOMMY JAMES LEWIS,
Appellant,

v.

## STATE OF TEXAS,
Appellee.

## Brief of the Appellant

Appellant, TOMMY JAMES LEWIS, submits his brief. Appellants will be referred to as "Appellant", and "Appellee" will be referred to as "State".

## Statement of the Case and Procedural History

On June 5, 2011, Appellant was indicted for the state jail felony offense of burglary of a building – entry with commission of theft. (CR, Pg. 5). Appellant's case was called for trial on the merits before a jury in the 109th Judicial District Court of Andrews County, Texas on or about January 13, 2015. (RR 2, Pg. 5-6).

On January 13, 2015, after the close of evidence and argument, the jury returned a guilty verdict, as indicated by the signature of the presiding juror on the jury charge. (CR, Pg. 21-28).

The punishment phase of this case immediately proceeded before the Trial Court. (RR 2, Pg. 222). The Trial Court sentenced Appellant to serve two (2) years in the T.D.C.J. – State Jail Division. (RR 2, Pg. 224). (CR, Pg. 53-56). Appellant filed his Notice of Appeal in this case. (CR, Pg. 58-59).

1

## Issues Presented on Appeal

**ISSUE ONE:**     **THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT THE LESSER-INCLUDED OFFENSE INSTRUCTION OF CRIMINAL TRESPASS.**

**ISSUE TWO:**     **THE EVIDENCE WAS BOTH LEGALLY AND FACTUALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT COMMITTED THE ACT OF BURGLARY OF A BUILDING – ENTRY WITH COMMISSION OF THEFT.**

## Statement of Facts

Appellant's case was called for trial on January 13, 2015. (RR 2, Pg. 5-6). Upon the reading of the indictment, Appellant entered a plea of not guilty. (RR 2, Pg. 100-101).

As its first witness, the State called Jacqueline Neighbors. (RR 2, Pg. 112). Ms. Neighbors testified that on the morning of May 11, at approximately 4:00 a.m., she was awake, unable to sleep at her residence in Andrews County, Texas. (RR 2, Pg. 112-113.)

Ms. Neighbors testified that her dog suddenly began barking so she woke up her husband to investigate. (RR 2, Pg. 113-114). Ms. Neighbors called the Sheriff's Department to report a break in (RR 2, Pg. 114). Mrs. Neighbors testified that she did not see the Appellant, except after he was speaking with her husband. (RR 2, Pg. 121). Additionally, Mrs. Neighbors did not see the Appellant inside of the building constituting their game room, nor did she see him step outside of the door. (RR 2, Pg. 122).

Wayne Waldrop, a patrolman with the City of Andrews Police Department, testified next in regards to responding to the emergency call at the Neighbor's residence. (RR 2, Pg. 123-124). Waldrop testified that upon arrival he attempted to go into the backyard because a woman was shouting about a man pinned under the air conditioner, but the officer did not locate anyone there. (RR 2, Pg. 125).

3

Waldrop testified that based upon the information he was given by Mr. Neighbors, he located the Appellant at the Appellant's trailer next door. (RR 2, Pg. 127-128). Waldrop testified that upon encountering the Appellant, who indicated that he had been on the Neighbor's property as part of the Neighborhood Watch, and had seen lights inside of the building prompting him to investigate what was going on. (RR 2, Pg. 132). Waldrop testified that Appellant admitted to being inside of the building. (RR 2, Pg. 132). Waldrop further testified that he did not find any signs of foul play on the door, did not dust for fingerprints, or photograph any of the scene, including the open door to the game room. (RR 2, Pg. 138).

The State then called Andrews County Deputy Sheriff Aaron Villalobos. (RR 2, Pg. 141). When Villalobos arrived on scene, Villalobos testified he made contact with the Appellant, who indicated that he had gone across the street because he had saw some lights in the storage building and thought someone needed help. (RR 2, Pg. 144). Villalobos further testified that he did not observe the Appellant on the Neighbor's property, did not dust for fingerprints, photograph any of the scene, did not observe any damage to any type of lock on the game room door or conduct any type of investigation other than driving out the scene (RR 2, Pg. 152).

The State's last witness was Mr. Boyd Neighbors. (RR 2, Pg. 154). Mr. Neighbors testified that his wife woke him early one morning due to the belief that

someone was in their game room and the dog was going ballistic. (RR 2, Pg. 156). Mr. Neighbors went outside and headed to the game room, assuming someone was in the building. (RR 2, Pg. 157). As Mr. Neighbors reached for the game room door, he observed somebody on the patio, who had been crouched down to avoid the dog. (RR 2, Pg. 157). Upon encountering Appellant, Mr. Neighbors called off the dog and began to ask Appellant questions. (RR 2, Pg. 158) Appellant told Neighbors that someone was in his building smoking and indicated he had been in there inside of the building himself. (RR 2, Pg. 159) When Mr. Neighbors specifically asked Appellant why he was in the building, Appellant responded that he saw lights in inside the building and then came up to investigate. (RR 2, Pg. 159). Neighbors further testified earlier in the evening there had been a gathering of people at his game room consuming alcohol, but he could not recall if he drank any alcohol at that party that night before he went to bed. (RR 2, Pg. 175). Lastly, Neighbors testified that nothing had been taken from the game. (RR 2, Pg. 177).

With that, the State rest. (RR 2, Pg. 178). After making a <u>Motion For Instructed Verdict</u> outside the presence of the jury, which was denied by the Trial Court, the defense rest. (RR 2, Pg. 187, 194).

After hearing the argument of counsel, the jury went back to deliberate regarding guilt and innocence. (RR 2, Pg. 216). The jury returned a guilty verdict against Appellant. (Clerk's Record Pg. 23 24) (RR 2, Pg. 222). After hearing

5

arguments of counsel, the Trial Court sentenced appellant to serve 2 years in the State Jail Division of the Texas Department of Criminal Justice, probated for 2 years, with a $2,500.00 fine.  (RR 2, Pg. 224).

## Summary of the Argument

Appellant asserts that the Trial Court committed reversible error in its refusal to grant Appellant's request for the inclusion of a lesser-included offense instruction for the offense of criminal trespass in the jury charge.

Further, Appellant asserts that the evidence presented by the State of Texas was insufficient to support a finding of guilt for the felony offense of burglary of a building.

**ISSUE ONE:** THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT THE LESSER-INCLUDED OFFENSE INSTRUCTION OF CRIMINAL TRESPASS.

### 1. Standard of Review

The relevant standard for determining whether or not a lesser-included offense instruction should be included within a jury charge is the two-part "cognate-pleadings" approach outlined in *Hall*. *Hall v. State,* 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

### 2. First Step of *Hall* Analysis

Under *Hall,* the first step is to compare the elements of the offense as alleged in the charging instrument with the elements of the potential lesser-included offense, and apply the provisions of Tex. Crim. Proc. Ann. art. 37.09.

The elements of burglary of a building, as alleged in the indictment, are: (1) the defendant; (2) on or about May 11, 2014; (3) with the intent to commit theft; (4) enter a building or a portion of a building; (5) not open to the public; (6) without the effective consent of the owner. *Tex. Pen. Code §30.02.*

The Appellant requested a lesser-included offense of criminal trespass. (CR, Pg. 31-36; RR 2, Pg. 179-192). The elements of criminal trespass are: (1) the defendant; (2) without the effective consent of the owner; (3) enters or remains on the property or in the building of another; (4) intentionally, knowingly, or

8

recklessly; (5) with notice that entry was forbidden. *Tex. Pen. Code §30.05.*

Article 37.09 provides that an offense is a lesser-included offense if: (1) it is established by proof of the same or less than all the facts required to establish commission of the offense charged or (2) it consists of an attempt to commit the offense charged or an otherwise included offense. *Tex. Crim. Proc. Ann. Art. 37.09.* In this case, there is only one element that is different between the indicted offense, and the requested lesser-included offense of criminal trespass. The different element is the requirement of proof of "intent to commit theft" as required in the burglary of a building statute.

In *Day v. State,* 532 S.W.2d 302, 306 (Tex. Crim. App. 1975, *overruled on other grounds by Hall),* the Court of Criminal Appeals held that criminal trespass was a lesser-included offense of burglary of a building. Although *Hall* otherwise modified the type of test used to determine whether an offense is a lesser-included offense, it did not overrule the prior holding of *Day*, such that criminal trespass still remains a lesser-included offense of burglary of a building.

### 3.   Second Step of *Hall* Analysis

The second part of the cognate-pleadings approach requires this Court to determine whether there is evidence that supports giving the instruction to the jury. It is undisputed in the evidence presented by the State's own witnesses that Appellant entered into the game room belonging to victim without permission. A

police officer, Sheriff's Deputy and the victim each testified that the Appellant admitted to being in the game room. The victim testified as well that Appellant did not have permission to enter the game room. However, each of these witnesses further testified as to the Appellant's stated intent when he entered the game room. Both officers and the victim testified that, while the Appellant admitted entering the building, that he did so because he had saw a light and had concerns that someone was inside the building. There is no testimony given at trial to the contrary. Instead, the testimony at trial is that the Appellant was "real friendly and cordial," and had expressed concerns about his neighbor's property being tampered with. (RR 2, Pg. 132, 144, 159, 163). Additionally, the investigation established that there were no signs of forced entry, burglary tools, fingerprints, or DNA. (RR 2, Pg. 138, 152, 163).

Therefore, there was sufficient evidence that Appellant may have only been guilty of the lesser charge of criminal trespass. While the Appellant may be "guilty" of entering into the building without permission, if he had a meritorious reason for being there, and did not have the intent to commit a theft as alleged, then he would be guilty only of the lesser charge of criminal trespass. Therefore, it would be proper under the *Hall* analysis for the Trial Court to grant the requested lesser-included instruction.

4.    **Argument and Analysis**

First, the evidence in this case clearly supports a possible finding of the Appellant's guilt as only to the requested lesser-included offense of criminal trespass. The evidence sufficiently meets the requirements of the *Hall* analysis. Therefore, the trial court erred in denying the requested instruction and this case should be reversed and remanded for a new trial.

Second, the harm of the denial of this request is clear on the record in this case. Not only was the evidence insufficient, as well as non-existent, as to the Appellant's alleged intent to commit a theft, the jury in this case clearly had questions and concerns about the Appellant's culpability for the indicted offense. Otherwise, there would be no reason for a jury to request statutes on trespass. (Jury Note: CR, Pg. 44).

The jury had to make an assumption that the Appellant intended to commit theft in order to convict the Appellant of this charge, since there was no evidence of such intent to commit a theft, only conjecture and speculation. To the contrary, the uncontroverted evidence is that the Appellant entered in an effort to investigate a perceived wrong doing that Appellant thought he observed occurring in the victim's game room.

In the event that the jury felt the Appellant had committed wrong doing by entering the premises without permission, but did not find that Appellant had any intent to commit theft, the jury could not hold the Appellant responsible for the

11

alleged criminal trespass due to the Trial Court's denial of the requested instruction on the lesser included offense. The intent of the jury to find the Appellant guilty of only the lesser-included offense is best evidenced by the jury's note when the jury requested the "relevant statutes of trespassing". (Jury Note: CR, Pg. 44). Specifically, the jury felt the Appellant was on the premises without permission, but questioned the intent element, as shown through their note. Therefore, to hold the Appellant responsible for the trespass, they had to assume an element not proven by the State.

For the jury to make such an assumption that is to be upheld on appeal, the jury charge would need to have included language about presumed facts in accordance with Tex. Crim. Proc. Ann. Art. §2.05. There is no such language about presumed facts in the jury charge in this case. As it is improper for the jury to assume facts not in evidence, the Appellant in this case was convicted on unsubstantiated evidence, which falls short of the required proof beyond a reasonable doubt for the element of "with the intent to commit a felony, theft or assault".

Therefore, Appellant was convicted of a greater offense solely due to the Trial Court's denial of the requested lesser-included offense. Not only did the Trial Court commit error in its denial of the requested instruction, but the Appellant was clearly harmed by this error.

12

**ISSUE TWO:** THE EVIDENCE WAS BOTH LEGALLY AND FACTUALLY INSUFFICIENT TO ESTABLISH THAT APPELLANT COMMITTED THE ACT OF BURGLARY OF A BUILDING – ENTRY WIH COMMISSION OF THEFT.

### 1. Standard of Review

The relevant standard for judging the sufficiency of the evidence is outlined by the Texas Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). The *Brooks* Court adopts the approach outlined in *Jackson v. Virginia*[1]. Specifically, the standard of review requires the appellate court to review all of the evidence in the light most favorable to the verdict, and then determine whether or not any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson*, 443 U.S. 307, 319; *Brooks*, 323 S.W. 3d at 899).

Under this standard of review, the jury is the sole judge of the weight and credibility of the witness testimony. *Brooks*, 323 S.W.3d at 894-895. As such, an appellate court must review the evidence at trial to be certain that the jury reached a rational verdict, without substituting their own judgment for that of the fact finder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). This is the same standard, whether the evidence is direct or circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979).

Appellant asserts, under this standard, that the evidence presented by the State of Texas at trial was insufficient to establish that he committed the offense of Burglary of a Building – Entry with the Commission of Theft.

A person commits the offense of burglary of a building with the intent to commit theft when someone, with the intent to commit theft, enters a building not open to the public, without the consent of the owner. *Tex. Pen. Code. Ann. §30.02.*

**2. The State's Evidence Was Insufficient to Prove Appellant Committed the Act of Burglary of a Building – Entry with Commission of Theft.**

Based upon the evidence presented by the State and the defense in this case, the evidence is clearly insufficient to support a verdict in this case. The evidence presented by the State lacks the proof beyond a reasonable doubt necessary to establish that Appellant committed any theft, or intended to commit a theft. The only evidence beyond a reasonable doubt regarding the theft element is the testimony of the victim that nothing was stolen. (RR 2, Pg. 177).

As far as the intent to commit theft, there is absolutely no evidence that the Appellant intended to commit theft. Both officers and the victim testified that, while the Appellant admitted entering the building, that he did so because he had saw a light and had concerns that someone was inside the building. There is no testimony given at trial to the contrary. Instead, the testimony at trial is that the Appellant was "real friendly and cordial," and had expressed concerns about his

14

neighbor's property being tampered with. (RR 2, Pg. 132, 144, 159, 163). Additionally, the investigation established that there were no signs of forced entry, burglary tools, fingerprints, or DNA. (RR 2, Pg. 138, 152, 163). Further, the Appellant was not arrested for being intoxicated or impaired, nor was there any testimony to that extent by law enforcement.

There is no evidence that the Appellant is ever observed in the building. There is no evidence of any theft. The only evidence of any intent to commit theft is that the Appellant was present at night, in a building, without permission. However, the Jury Charge in this case did not include an instruction about any presumed fact in accordance with Tex. Crim. Proc. Ann. Art. §2.05, that would allow for the jury to assume that nighttime entry without permission is done with the intent to commit theft. *Tex. Crim. Proc. Ann. Art. §2.05.* In fact, the Jury Charge defines "With Intent to Commit a Felony, Theft or an Assault" as "[a] person intends to commit a felony, theft or an assault when the person has the conscious objective or desire to commit the felony, theft or assault." (CR, Pg. 49). Absent this instruction, the jury cannot find Appellant intended to commit a theft based upon the evidence presented, absent making an assumption, which is not allowed under the charge.

Clearly, the jury had to make an assumption that the Appellant intended to commit theft in order to convict the Appellant of this charge, since there was no

15

evidence of such intent to commit, only conjecture and speculation. Also, if the jury felt the Appellant had committed wrong doing by entering a premises without permission, but without an intent to commit theft, the jury could not hold the Appellant responsible for the alleged wrong-doing in any other manner, as the Court did not provide a lesser-included offense of trespassing in the jury charge. The intent of the jury is best evidenced by the jury's note when the jury requested the "relevant statutes of trespassing". (Jury Note: CR, Pg. 44). Specifically, the jury felt the Appellant was on the premises without permission, but questioned the intent element, as shown through their note. Therefore, to hold the Appellant responsible for the trespass, they had to assume an element not proven by the State.

Therefore, the evidence presented by the State is wholly insufficient to support a finding of guilt of the greater offense in this case. No evidence is provided about the Appellant's intent to commit a theft, specifically, there is no evidence outlining or identifying the Appellant's conscious objectives or desire to commit a felony or theft or assault. Quite to the contrary, the only evidence as to his intent is from the State's witnesses testifying that the Appellant specifically expressed that his intent was to investigate perceived problems at the victim's game room. Absent an instruction in accordance with Tex. Crim. Proc. Ann. Art. §2.05 that the jury may presume certain facts to be true (i.e. nighttime entry into a building without permission is per se intent to commit theft absent other evidence),

16

the evidence actually presented by the State at this trial is wholly insufficient to support a legal verdict of guilt in this case.

The job of the reviewing court is to determine whether or not the jury reached a rational verdict based upon the evidence it received and the instructions it was given in the jury charge. Under these circumstances, the verdict is not reasonable, nor rational, and is clearly against the weight of the actual evidence presented at trial, especially in light of the jury charge given to the jury in this case.

## Conclusion

As set forth above, Appellant was convicted by a jury on evidence legally insufficient to support any conviction in this case. The net result is that the Appellant now has been convicted of a felony and has been sentenced to serve two (2) years in the Texas Department of Criminal Justice – State Jail Division, all based upon insufficient evidence. Additionally, as a result of this insufficient verdict, Appellant is subjected to two years of monitoring and compliance with the terms and conditions of community supervision.

This case should be reversed and rendered due to a lack of evidence to substantiate guilt in this case as outlined above. In the alternative, this case should be reversed, and a new trial granted, due to the Trial Court's failure to properly instruct the jury in the jury charge about the requested lesser-included offense of criminal trespass.

17

## Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant requests that this Appellate Court reverse the jury's verdict, and remand this case to the Trial Court.

Respectfully submitted,

FIVECOAT & ROGERS, P.L.L.C.
214 W. Texas Ave., Ste. 811
Midland, Texas 79701
(432) 620-8774 (Telephone)
(432) 620-9945 (Facsimile)
ray@fivecoatlaw.com

Raymond K. Fivecoat
State Bar No. 24010024
Attorney for Appellant,
TOMMY JAMES LEWIS

**ORAL ARGUMENT NOT REQUESTED**

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 20th day of April, 2015, a true and correct copy of the foregoing Brief of the Appellant was forwarded, by first class mail, postage prepaid, to counsel of record, as follows:

Tim Mason
Andrews County District Attorney
121 NW Ave. A
Andrews, Texas 79714

Raymond K. Fivecoat

18

# CERTIFICATE OF COMPLIANCE

I certify that this document was prepared using MS Word and contains 4130 words (counting all parts of the document). The body text of the entire document is in 14 point font, Times New Roman, and the footnote text is in 12 point font, Times New Roman. Said document was converted to pdf format for filing using MS Word.

Raymond K. Fivecoat